Smith, J.
We are of the opinion that under tbe provisions of see. 3946 Rev. Stat., three or more persons are not authorized to commence proceedings for the creation of a special school district, and have the same established, when it is sought by such proceedings to include within the special school district prayed for, the whole, or a part of a joint sub-district then existing, with other territory named. This would be in direct contravention of the terms of sec. 3950 Rev. Stat., which provides that no joint sub-district which is now organized, or may hereafter be organized, shall be dissolved, changed or altered) unless by the concurrent action of the boards of education of *600 the several townships having territory included therein,” or by one of the other modes specially provided in the section, neither of which has been followed in this case. This section, of course, is to be read in connection with those which immediately precede it, pointing out the manner in which joint sub-districts and special school districts moy be established, and must be considered as a limitation on the general powers conferred.
Milton Clark and W. L. Dechant, for Board of Education,

W. C. & C. M. Thompson, contra.

The claim is made that the organization of the special school district, if created, will not have the effect to dissolve, alter or change the joint sub-district as now organized, and which joint sub-district it is sought to have included within the bounds of the new special sub-district, which if created would add a very large scope of territory to what'is now the joint sub-district. This we think is untenable. It would disorganize, break up and abolish the joint sub-district as such. It would dissolve the government thereof now existing, and change and alter the territory of the joint sub-district by adding a large amount thereto.
We think the probate court properly sustained the demurrer to the petition, and dismissed the proceeding, if the facts appeared thereon, as we understand they do. And further, that the court of common pleas erred in reversing the first judgment of the probate court and in sustaining the final judgment of the probate court, creating the special school district.
The judgments of the common pleas and probate courts are reversed, with costs, and the case is remanded to the court of common pleas for execution as to these costs, and to the probate court with instructions to sustain the demurrer to the petition, and to dismiss such proceeding at the costs of the petitioners.